Grimke, J.:
It is evident that there never has been a delivery of the deed; from Perkins to Giddings. Whether the deed from Lloyd to. Perkins was ever delivered is the material question. It is very clear what was the real nature of the transaction and the intention of the parties. Lloyd, instead of executing a power of attorney to Perkins, to enable him to convey to Giddings, makes a. conveyance direct to the former. This is a mode which is often adopted, neither party regarding themselves in any other light- *342 than the one as principal and the other as agent in the whole-transaction. Are there any principles of law which will compel' us to disappoint their intentions? If a power of attorney had been given to Perkins he would have possessed a mere naked authority; but a conveyance is executed, naming him grantee,, and the case, therefore, rather resembles a power coupled with an interest, where any one deriving title under the power is considered as holding immediately of the person who created the power. But there is this difficulty in considering these instruments in this light, that the power is not contained in the deed to Perkins, but is attempted to be created by parol, of which, at any rate, a court of law can not take notice. Nothing is bettor settled than that a deed can not be delivered to the grantee as an escrow. The reason assigned is, that there is a manifest inconsistency between the declaration of a condition and the delivery. But this has not prevented the courts from limiting the extreme rigor of this principle in such a way as to prevent injustice from being done. Thus, in the Earl of Stair v. Murray, 2 B. & Cr. 82, when a bond was delivered by the *obligor as his deed, but both before and after the delivery it was agreed that it should continue in the witness’ hands until the death of certain individuals; it was held to be a question for the jury whether it was delivered to take effect from the time of delivery, or upon a condition that it was not to operate until the death of those persons. So in Fair-bank v. Metcalf, 8 Mass. 230, there was also an actual delivery to the grantee, who then placed the deed in the hands of a third person, to be delivered on a certain contingency; in pursuance of an agreement of the parties, it was held that the deed, although formally delivered to the grantee, yet under the circumstances, could only be considered in transitu, and did not operate to convey the land but upon the happening of the event contemplated by the parties. These are both very strong cases, much stronger than the one now before the court; and it will be observed that in both of these the grantee was ultimately intended to take the whole beneficial interest, and was not intended, as in the present instance, to be a mere agent to convey. Rules are necessarily made very broad and general in the early history of jurisprudence; but afterward limitations to them are found to be as indispensable as the rules themselves; and hence the good sense of the maxim, that there is no general rule without its exceptions.
*343 There are matoy cases in which a grantee is considered as taking no interest under a deed. Thus, where a conveyance is made to A., and a mortgage is immediately executed to the grantor, or to ■a third person, the widow of A. is not after his death entitled to dower, because A. is regarded as a mere “ conduit-pipe or instrument” through whom another conveyance was to be made. Now, the evidence shows that the deed was delivered to Perkins for no other purpose than to enable him to make a conveyance to ■Giddings. To assert that the title was effectually transferred to him, would be to assert that his widow, after his death, would be •entitled to dower; and yet this is a proposition which could hardly be maintained with success.
There is still another view of the matter which is equally decisive. The acceptance of a deed is absolutely necessary to vest the grantee with title under it. No man can be compelled to take á conveyance against his consent. Now, Perkins says that he did not buy the land, nor never considered it as his property.
He received the deed, then, at the utmost, *as an authority to convey, and his authority is exhausted in an ineffectual effort •to accomplish this object.
The law, with regard to the delivery and acceptance of deeds, was once very plain, because it was very strict. But I take it to be now settled that what shall amount to either, depends very much on the circumstances and the intentions of the parties. Thus,In Clavering v. Clavering, 2 New R. 473, a voluntary deed of ■settlement in trust, made in 1684, always kept by the grantor in his custody, and found after his death among his papers, was held to control a subsequent settlement in 1690, and the same decision was made in Boughton v. Boughton, 1 Atk. 625. On the other hand, it has been equally settled that mere formal words of delivery will not, in all eases, be sufficient to render the deed absolute. This was so-decided in the'eases of Jack v. Dun, 1 Johns. Cas. 114, .and the Darby Canal Co. v. Wilmot, 9 East, 360.
It is evident that if it is possible to lay hold of any principle •of law, or of any adjudged case of authority to prevent this deed from operating to defeat the title of the plaintiff, that we ought to do so. And I believe enough has been said to authorize us to ■come to the conclusion that the deed' to Simon Perkins was not, .under the circumstances, effectual to convey the title to him, that *344 it could not be used for the purpose of showing an outstanding title in a third person, and that accordingly there must be a new trial.